UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10CR-37-H

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | |
| PAUL BARTH | DEFENDANT |
| AND | |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION | INTERESTED THIRD PARTY |

**MEMORANDUM OPINION AND ORDER**

The United States has moved to apply $66,198.01 currently held in the Court's Registry Account toward Defendant's restitution balance. The funds are derived from the sale of Defendant's residence, which occurred to satisfy his criminal restitution balance. An interested third party, American Alternative Insurance Corporation ("American"), argues that its lis pendens is superior to the criminal judgment lien of the United States. American's claim arises from its role as insurer of the McMahan Fire Protection District ("MFD"). American indemnified MFD for the losses due to Defendant's various illegal acts and now seeks reimbursement from Defendant. It filed a lis pendens on the property to provide notice of its claim.

The Court has reviewed the arguments on both sides and concludes that the United States has far the better entitlement to the Registry funds. As a general matter under federal law, a criminal judgment lien is superior to a lis pendens notice. *See U.S. v. Security Trust & Savings Bank of San Diego*, 340 U.S. 47, 49 (1950). Moreover, under state law, a lis pendens provides

notice of a claim, but does not create an actual right to the property. *Leonard v. Farmers & Traders Bank, Shelbyville,* 605 S.W.2d 770 (Ky. Ct. App. 1980). Finally, it is unlikely that the lis pendens is appropriate because the residential property was not the essence of American's dispute with Defendant. *See Green v. McFarland*, 43 S.W.3d 258 (Ky. 2011).

American's arguments to the contrary are not persuasive. Defendant's alleged salary overpayments cannot, in the Court's view, be stretched to the conclusion that the residential property is the essence of the dispute. Moreover, the Court agrees with the United States that its criminal judgment lien is akin to a federal tax lien which has priority over a state lis pendens. That Defendant has another property from which the United States may collect its judgment seems quite irrelevant to the issue of priority at hand.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of the United States is SUSTAINED and the Court's Registry shall apply $66,198.01 toward Defendant's restitution obligation.

cc: Counsel of Record & USDC-Finance